Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 0900 | **DATE** | 12/14/2010 |
| **CASE TITLE** | Brantley vs. Children's Memorial Hospital | | |

**DOCKET ENTRY TEXT**

Defendant Children's Memorial Hospital's motion to dismiss [25] is denied.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff Yorshino Brantley, with the assistance of counsel, filed this action alleging race discrimination and violations of her rights under the Family and Medical Leave Act. Brantley filed the complaint on February 9, 2010 and paid the $350 filing fee. (Doc. 1.) Defendant Children's Memorial Hospital filed its answer on April 16, 2010. (Doc. 10.) On September 27, 2010, Brantley's attorney sought leave to withdraw (Doc. 15), and the court granted the motion (Doc. 18). On November 1, 2010, Brantley filed a motion asking the court to appoint counsel. (Doc. 19.) Brantley's motion stated that she had attempted to contact a number of attorneys but was unsuccessful in retaining counsel. Brantley attached to her motion an *in forma pauperis* application and financial affidavit outlining her assets.

At a status hearing on November 16, 2010, counsel for Children's Memorial informed the court that she believed Brantley's affidavit contained incorrect information. In response to the question "Do you or anyone else living at the same residence own any real estate (with or without a mortgage)?" Brantley checked the box for "No." According to defense counsel, Brantley had testified at her deposition that she lived in a home with her parents and daughter and that Brantley and her father jointly owned the home. The court explained to Brantley the importance of answering all the questions on the affidavit truthfully and permitted her to re-file her motion after correcting the application.

The same day, Brantley filed a new motion for appointment of counsel and a new affidavit. (Docs. 21, 22.) The new affidavit contained a number of changes. First, it indicated that Brantley and her father owned a home with a current value of $189,900 and that they pay $1,076.56 per month on a mortgage. Brantley did not know the amount of equity she holds in the property. Second, the new affidavit indicated that Brantley was employed, earning $12 per hour. The original affidavit stated that she was not employed. Third, in response to the question, "have you or anyone else living at the same residence received more than $200 in the past twelve months from any of the following sources?" Brantley indicated that she was receiving

$188 per month from the Social Security Administration for her daughter. In the original affidavit, Brantley had marked "No" in response to this question. Finally, Brantley indicated in the new affidavit that she had not received any unemployment in the past twelve months, but her original affidavit indicated that she had received unemployment.

Based on Brantley's new motion and affidavit, the court concluded that retaining an attorney would be a significant financial burden and granted Brantley's motion for appointment of counsel. (Doc. 23.) Shortly thereafter, Children's Memorial filed a motion to dismiss the case based on claimed misrepresentations in both Brantley's original and amended affidavits. In addition to the money Brantley had received from Social Security for her daughter, both her parents (with whom Brantley resides) have been receiving Social Security benefits.

According to Children's Memorial, 28 U.S.C. § 1915(e)(2)(A) requires the court to dismiss the case "if it finds that an allegation of poverty in an IFP application is untrue." (Mot. ¶ 8 (citing *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002)).) Section 1915(e)(2)(A) states that, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." In *Thomas*, the case cited by Children's Memorial, the plaintiff had filed a complaint and an *in forma pauperis* application, claiming an inability to pay the $150 filing fee. Three weeks later, plaintiff received a payment from defendant of $58,990, but plaintiff never updated the *in forma pauperis* application. The Seventh Circuit affirmed the district court's decision to dismiss the case with prejudice. The court concluded that § 1915 mandated dismissal, and that the district court had not abused its discretion in ordering that, as a sanction, dismissal be with prejudice. *Thomas*, 288 F.3d at 308.

In this case, the court held an evidentiary hearing and counsel for Children's Memorial questioned Brantley about her application. Brantley was able to explain some of the discrepancies between the two affidavits. For example, Brantley testified that she was unemployed at the time she filed the original application, but had since obtained temporary employment. After hearing the testimony, the court believes that Brantley filled out the application hastily without carefully considering or fully understanding the questions she was being asked. Brantley testified that she believed the question about Social Security benefits applied only to funds she was personally receiving. She listed the payments for her daughter because the checks are made payable to Brantley. A careful reading of the question would have informed Brantley that she needed to list the payments made to her parents who both reside with Brantley. Brantley does not appear to have intentionally misled the court about her finances. She was simply sloppy in filling out the forms. Furthermore, even knowing all the information, the court finds that retaining counsel would be a significant burden for Brantley.

As another district court has noted, the language of § 1915 contains some ambiguity. *Davis v. Geren*, No. 1:06-cv-1469-WTL-TAB, 2009 WL 362877, at *1 (S.D. Ind. Feb. 11, 2009). If read literally, the statute might be understood to compel dismissal when a plaintiff fills out an affidavit truthfully but does not meet the financial requirements for proceeding *in forma pauperis* because the allegation of poverty could be considered "untrue." This result would be particularly unjust in light of the fact that the statute does not lay out any precise financial requirements. *Id*. In addition, the statute does not define "allegation of poverty." This term could refer generally to an applicant's contention that she is unable to pay. Or it could refer to any specific averment in the applicant's affidavit.

This court agrees with the *Davis* decision that insofar as the Seventh Circuit observed in *Thomas* that dismissal was mandatory, its statement was *dicta,* since the only issue before the court was whether the

## STATEMENT

district judge properly exercised his discretion in dismissing the case with prejudice. Moreover, the Seventh Circuit was dealing with what it termed an "egregious lie" that probably disqualified the plaintiff from *in forma pauperis* status. It was not addressing cases like that before the court, where the court has determined from a hearing that the misstatements were not intentional and where the plaintiff has not made an untrue allegation of poverty, even when all misstatements are corrected.

Like the *Davis* court, this court concludes that, under a fair reading of § 1915, dismissal is not mandatory where a plaintiff does not attempt to intentionally mislead the court. Nor does it make sense to dismiss the case when the general allegation of poverty is correct, despite errors in some of the specific averments in Brantley's affidavit. Accordingly, Children's Memorial's motion is denied.